591 So.2d 820 (1991)
Alvin V. JACKSON
v.
STATE of Mississippi, ex rel., MISSISSIPPI BUREAU OF NARCOTICS.
No. 89-CA-1189.
Supreme Court of Mississippi.
December 4, 1991.
*821 Scott Stuart, Jackson, for appellant.
Mike C. Moore, Atty. Gen., John T. Kitchens, Sp. Asst. Atty. Gen., Mark D. Ray, Jackson, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and McRAE, JJ.
DAN M. LEE, Presiding Justice, for the Court:
Alvin V. Jackson [Jackson] was caught in a narcotics "sting" operation. As a result, the State of Mississippi sought to secure the forfeiture of $1,087.00 in currency and an automobile owned by Jackson pursuant to Miss. Code Ann. § 41-29-153(a)(4) & (5). The question for us is whether the State may do so, even though the automobile in question was not directly used during the narcotics operation. The trial court found that forfeiture was proper. For the reasons articulated below, we affirm in part and reverse in part.

I.
On June 24, 1988, Ivory Maynor [Maynor] was arrested in Pike County for possession of approximately two (2) ounces of cocaine which was found in the back seat of his car. A contract agent with the Mississippi Bureau of Narcotics [the Bureau] talked with Maynor and discovered that Maynor had received $500.00 from Alvin Jackson to drive to New Orleans, Louisiana, pick-up the narcotics and deliver same to Jackson at the home of Lawanda Ammons. Apparently this was the third such trip Maynor had made for Jackson. After talking with the Bureau agent, Maynor agreed to cooperate with the authorities in their pursuit of Jackson.
Maynor and the cocaine were transported to Hinds County, Mississippi, where, at the Narcotics Bureau headquarters, a package was made up into a package resembling cocaine, but the substance was not, in fact, cocaine. Maynor was then taken to a service station at I-55 and McDowell Road in Hinds County, Mississippi, where he called the home of Lawanda Ammons and spoke with both Ammons and Jackson. Maynor informed Jackson that he had the package, but his car had broken down with radiator problems and someone needed to come get him. Jackson agreed.
Jackson had noticed a white car located across from Ammons' house and speculated that it was the police; that fact, coupled with his distrust of Maynor, prompted Jackson to borrow his nephew's 1978 Bonneville automobile. Jackson left the keys to his 1984 Cadillac with his nephew. Jackson testified that the exchange occurred because, if it were necessary to give Maynor's automobile a boost, the Cadillac would possibly receive serious damage. Jackson and Ammons drove the nephew's *822 1978 Bonneville  not his 1984 Cadillac  to Maynor's location.
Upon their arrival at the service station, Maynor was looking under the hood of his car. After talking a few minutes, Maynor closed the hood, and he and Jackson began locking doors. Before locking the back doors, both stuck their heads inside the vehicle for a few seconds, and Jackson emerged with the fake, planted package of "cocaine," and began walking towards the 1978 Pontiac Bonneville. Jackson was arrested while walking back to his nephew's car; the authorities retrieved the package and $1,087.00 from his person. Some time months later, authorities seized Jackson's 1984 Eldorado Cadillac.
The criminal charges against Jackson were eventually fully dismissed. Forfeiture proceedings against Jackson's 1984 Eldorado Cadillac and $1,087.00 were filed pursuant to Miss. Code Ann. § 41-29-153(a)(4) and (5). Jackson timely and properly answered, claiming that both were derived from a lawful source and at the time of seizure were not intended for use in violation of the controlled substances law. A hearing was held before the trial court which found that the currency was intended for use in drug trafficking or was the proceeds of drug trafficking or both and ordered the currency forfeited. The trial court also found, based upon federal authority, that the 1984 Eldorado Cadillac was subject to forfeiture because at the time Jackson left the Ammons home he had formed the definite intent to facilitate the transportation of the cocaine and "any use of a vehicle in aid of that mission subjects it to forfeiture." Jackson now seeks reversal of these determinations based on the trial court's expansive interpretation of the forfeiture statute. We address the case keeping in mind our limited scope of review when reviewing findings of fact made by a trial judge sitting without a jury: we will not overturn such findings unless the judge was clearly erroneous or applied an incorrect legal standard. See McClendon v. State, 539 So.2d 1375 (Miss. 1989); West v. State, 463 So.2d 1048 (Miss. 1985).

II.
In reaching its decision in this case, it was necessary for the trial court to interpret portions of our forfeiture statute, Miss. Code Ann. § 41-29-153 (Supp. 1990):
(a) The following are subject to forfeiture:
* * * * * *
(4) All conveyances, including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of property described in paragraph (1) or (2) of this section ...
* * * * * *
(5) All money, deadly weapons, books, records, and research products and materials, including formulas, microfilm, tapes and data which are used, or intended for use, in violation of this article;
* * * * * *
(7) ... All moneys, coin and currency found in close proximity to forfeitable controlled substances, to forfeitable drug manufacturing or distributing paraphernalia, or to forfeitable records of the importation, manufacture or distribution of controlled substances are presumed to be forfeitable under this paragraph; the burden of proof is upon claimants of the property to rebut this presumption.
This Court approved the forfeiture of $219,000.00 in currency in Reed v. State ex rel. Mississippi Bureau of Narcotics, 460 So.2d 115 (Miss. 1984). Reed, like Jackson, argued that he had not been involved in any illegal activity. We said that although forfeitures are not favored, in that forfeiture action "all the State need prove is that the seized items were possessed by Mr. Reed with intent to be used in connection with an illegal smuggling conspiracy." Reed, 460 So.2d at 118. In so deciding, we quoted with approval the case of United States v. Three Hundred Sixty-Four Thousand Nine Hundred Sixty Dollars in U.S. Currency, 661 F.2d 319 (5th Cir.1981):
... From the sheer quantity of currency seized under these circumstances, a *823 court may permissibly infer a connection with illegal narcotics trafficking. In United States v. Magnano, 543 F.2d 431, 437 (2d Cir.1976), cert. denied, 429 U.S. 1091, 97 S.Ct. 1101, 51 L.Ed.2d 536 (1977), the Second Circuit held that possession of a large amount of cash by a defendant charged with participation in a narcotics trafficking conspiracy was relevant admissible evidence of such participation:
[T]he possession of large amounts of unexplained cash in connection with evidence of narcotics trafficking on a large scale is similar to the possession of special means, such as tools or apparatus, which is admissible to show the doing of an act requiring those means. [Quoting United States v. Tramunti, 513 F.2d 1087, 1105 (2d Cir. 1975), cert. denied, 423 U.S. 832, 96 S.Ct. 55, 46 L.Ed.2d 50.].
Reed, 460 So.2d at 118, quoting Three Hundred Sixty-Four Thousand Nine Hundred Sixty Dollars in U.S. Currency, 661 F.2d 319, 324 (5th Cir.1981). We find the foregoing authority persuasive on the issue of forfeiture of the $1,087.00 currency sub judice, and therefore affirm the forfeiture of this currency.
Turning now to the forfeiture of the automobile, Jackson correctly complains that the trial court erred in construing our forfeiture statute too broadly in this regard. The trial court utilized federal law in reaching its decision in this case. Federal law on this issue is quite broad and allows for the forfeiture of an automobile based on the subjective intent of the owner. See United States v. One 1979 Mercury Cougar XR-7, 666 F.2d 228 (5th Cir.1982) (automobile used to aid in laying the groundwork for narcotics operation may be forfeited); United States v. One 1977 Cadillac Coupe DeVille, 644 F.2d 500 (5th Cir.1981) ("forfeiture will lie if the conveyance is used in any manner to facilitate the sale"); United States v. (One)(1) 1971 Chevrolet Corvette Automobile, 496 F.2d 210 (5th Cir.1974) (facilitation is a question of degree).
In its Opinion and Order the trial court in the case sub judice applied the federal court's broad interpretation of forfeiture statutes:
Section 881(a)(4) which provides for the forfeiture of vehicles used to `in any manner facilitate the transportation, sale, receipt, possession or concealment' of controlled substances, the exact language used in Section 41-19-153(a)(4). Although our Supreme Court has not addressed that language, it has been construed very broadly by the federal courts.
(CP 6). Mississippi's forfeiture statute is penal in nature and, unlike its federal counterpart, is to be strictly construed. Saik v. State ex rel. Mississippi Bureau of Narcotics, 473 So.2d 188 (Miss. 1985), involved the forfeiture of a Chevrolet Corvette automobile and presented the question: was the Corvette used or for use in violation of the statute? In Saik we said:
Forfeiture statutes are penal in nature and must be strictly construed. Zambroni v. State, 217 Miss. 418, 64 So.2d 335 (1953); Aldinger v. State, 115 Miss. 314, 75 So. 441 (1917)... . The burden [is] upon the State to prove forfeiture by a preponderance of the evidence.
Saik, 473 So.2d at 191 (Miss. 1985); see, also, Ervin v. State, 434 So.2d 1324 (Miss. 1983). Forfeitures are not favored in this state; therefore, before a forfeiture may be ordered, it must come within the terms of the statute which imposes the liability of forfeiture. Reed v. State, 460 So.2d 115 (Miss. 1984).
The facts of this case show that Jackson deliberately intended not to use his Cadillac when he deliberately took his nephew's car and met Maynor; therefore, the terms of § 41-29-153 were not met in this case. Accordingly, under Mississippi law, the State failed to meet its burden and forfeiture was improper. Because the trial court utilized an incorrect legal standard in deciding to forfeit Jackson's automobile, we reverse and render that portion of the trial court's decision.
Accordingly, the judgment rendered in the Circuit Court of Hinds County, Mississippi, *824 is affirmed as to the $1,087 in cash and reversed as to the 1984 Cadillac, and Appellee is directed to release said automobile to Appellant.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and McRAE, JJ., concur.
BANKS, J., not participating.