FAIR, J.,
for the Court:
¶ 1. The City of Meridian (The City) filed á petition for forfeiture against Maria Catalan after the police department found $104,690 in her truck during a traffic stop. Catalan filed a motion to dismiss, which was granted by the ■ Lauderdale County County Court. The Lauderdale County Circuit Court affirmed the county court’s judgment. The City asserts the following on appeal: (1) the county court erred in granting Catalan’s motion to dismiss; and (2) the county court erred in applying the wrong legal standard. We find that the court applied the correct legal standard and that dismissal under Mississippi Rule of. Civil Procedure 12(b)(6) was proper. Therefore, we affirm.
FACTS
¶ 2. On June 2, 2012, Catalan was pulled over for “tired” driving. A consensual search revealed $104,690 -hidden in one of the truck’s compartments. No contraband or drugs were found in the truck. ' Nor was Catalan charged with any criminal offense or even a traffic citation.
¶ 3. A few weeks later, the City filed a petition for forfeiture requesting the forfeiture of Catalan’s truck and the $104,690. Catalan filed an answer and a request for production. The City then filed a motion to- continue and/or set the case, and the case was set for November 3,2012.
¶ 4. The case dragged on for over a year with discovery and motions. On August 14, 2013, Catalan filed a motion' to dismiss under Rule 12(b)(6). After a hearing, the court granted the motion , and ordered the City to return the confiscated money and truck to Catalan. The City appealed to the circuit court, which affirmed the county court’s decision. The City then appealed to this Court.
DISCUSSION
¶ 5. A motion to dismiss under Rule 12(b)(6) presents a question of law, which this Court reviews de novo. Storey v. Williamson, 101 So.3d 662, 665 (¶ 10) (Miss.Ct.App.2012). On a motion to dismiss, “the allegations in the complaint must be . taken as true, .and the motion should not, .be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim,” Covington Cty. Bank v. Magee, 177 So.3d 826, 828 (¶5) (Miss.2015) (citation and quotation omitted). However, “[cjonclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss.” Penn Nat’l Gaming, Inc. v. Ratliff, 954 So.2d 427, 431 (¶6) (Miss. 2007). That is, “[t]he court does not have to accept legal conclusions or allegations as to the , legal effect of events which may be included in a complaint.” Ngo v. Centennial Ins., 893 So.2d 1076, 1081-82 (¶ 14) (Miss.Ct.App.2005).
1. Whether the court erred in granting Catalan’s motion to dismiss.
■ ¶ 6. Mississippi Rule of Civil Procedure 8 states that “a pleading which sets forth a *1057 claim for relief ... shall contain (1) a short and plain- statement of the claim showing that the pleader is entitled to relief, and, (2) a. demand for judgment for the relief to which he deems himself entitled.-...” Under Rule 12(b)(6), a party may move to dismiss a pleading for its “[flailure to state a claim upon which relief can be- granted.” Because the City did not meet Rule 8’s requirements, dismissal under Rule 12(b)(6) was proper.
¶ 7. The City filed the petition for forfeiture under Mississippi Code Annotated sections 41-29-153(a)(5) and/or 41-29-153(a)(7) (Rev.2013), stating:.
[The currency and truck] are subject to forfeiture under the provisions of Miss. Code Ann. §§ 41-29-153(a)(5) and/or 41 — 29—153(a)(7)[ 3, said truck and currency having been used, or intended for use or constituting proceeds in violation of. the Mississippi Uniform Controlled Substances Law....
Section 41-29-153(a) provides:
(a) The following are subject to forfeiture:
[[Image here]]
(5) All money, deadly weapons, books, records, and research products and materials, including formulas, microfilm, tapes and data which are used, or intended for use, in violation of this article or in violation of Article 5 of this chapter;
[[Image here]]
(7) Everything of value, including real estate, furnished, or intended to be furnished, in exchange for a controlled- substance in violation of this article, all proceeds traceable to such an exchange, and all monies, negotiable instruments, businesses.or business investments, securities, and other things of value used, or intended to be used, to facilitate any violation of this article. All monies, coin and currency found in close proximity to •forfeitable controlled substances, to for-feitable drug manufacturing or distributing paraphernalia, or to forfeitable records of the importation, manufacture or distribution of controlled substances are presumed to be forfeitable under this paragraph; the burden of. proof is upon claimants of the property to.rebut this presumption.
(Quoting Miss.Code Ann. ' §§ 41 — 29— 153(a)(5) & 41-29-153(a)(7))." '
.¶8. “Forfeitures are not favored in this state; therefore, before a forfeiture may be ordered, it must’come within the terms of the statute which imposes the liability of forfeiture.” Cannon v. State, 918 So.2d 734, 744 (¶ 31) (Miss.Ct.App.2005) (reversed. and remanded solely on the issue of sentencing) (quoting Jackson v. State ex rel. Miss. Bureau of Narcotics, 591 So.2d 820, 823 (Miss.1991)). A petition foy forfeiture must comply with Rule 8 of the Mississippi Rules of Civil Procedure. Id. at (¶ 34).' “Although Rule 8 abolishes many technical requirements of pleadings, it does not eliminate the necessity of stating circumstances, occurrences, and events which support the proffered claim.” M.R.C.P. 8 cmt.
■¶ 9. In Cannon, this Court-addressed in part the issue of whether a State’s petition for forfeiture sufficiently stated a claim. Cannon, 918 So.2d at 745 (¶ 34). The State’s original petition described the- real property, motorcycle, and $2,000 cash but did not specifically list the real property. Id., at (¶ 32)., At the State’s request, the petition was amended in the trial court to conform the . State’s pleadings to the proof presented during-trial. Id. at (¶ 34). The proof included a description of the real property and the reasons for forfeiture. Id, This Court ultimately held that, after amendment, the petition met the threshold requirements of Rule 8. Id.
*1058 ¶ 10. We held in Cannon that the original petition was adequate regarding the motorcycle and currency because it stated “the reasons and particular authority for the forfeiture of those items.” Id. at (¶ 32). The same reasoning applied to the real property in the amended petition. Id. at (¶ 34). Here, the City’s petition named the currency and truck as items for forfeiture but failed to state any reason for their forfeiture. Specifically, the City presented no facts or circumstances to show how the use or intended use of the money and truck violated the Mississippi Uniform Controlled Substances Law. So, applying the same principles from Cannon, the City failed to meet Rule 8’s threshold requirements, and its petition was properly dismissed under Rule 12(b)(6).
2; Whether the court applied the correct legal standard.
¶11. The City claims that the county court made findings of fact arjd conclusions of law outside of the pleadings, erroneously converting Catalan’s motion to dismiss into a motion for summary judgment. And that, as a result, the court should have given the City ten days’ notipe of the motion. See M.R.C.P. 56(c).
¶ 12. “When considering a motion to dismiss, the allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond reasonable doubt that the plaintiff will be unable to prove any set of facts in support of her claim.” State v. Bayer Corp., 32 So.3d 496, 502 (¶ 21) (Miss.2010) (quoting Howard v. Estate of Harper ex rel. Harper, 947 So.2d 854, 856 (¶ 5) (Miss. 2006)). Our standard of review is de novo, and we have concluded that the City’s petition fails to state a claim upon which relief can be granted. Therefore, whether the county court applied the proper standard is moot at this point.
¶ 13. In any event, in its order on the motion to dismiss, the court stated that it read the pleadings and heard oral argument from both parties. The court’s order also provided a brief history of the case. No exhibits, affidavits, or other forms of evidence were presented to the court. Looking at the order, it is clear that the court relied solely on -the pleadings to find that the City had failed to state a claim upon which relief could be granted. Thus, we find the court applied the correct Rule 12(b)(6) legal standard.
CONCLUSION
¶ 14. Because the City failed to state a claim upon which relief can be granted, and the court applied the correct legal standard in dismissing the City’s petition, we affirm.
¶ 15. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., ISHEE, JAMES, WILSON AND GREENLEE, JJ. CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING AND GRIFFIS, P.JJ., IRVING AND GRIFFIS, P.JJ. AND BARNES, J.