# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-KA-00807-SCT

*DOUGLAS NICHOLS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 5/12/2000 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDMUND J. PHILLIPS, JR. |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | KEN TURNER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 09/26/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/17/2002 |

**BEFORE McRAE, P.J., EASLEY AND GRAVES, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

¶1. On May 11, 2000, Douglas Nichols (Nichols) was tried by a jury in the Circuit Court of Leake County, Mississippi, the Honorable Marcus D. Gordon, presiding, for the crime of burglary of a business pursuant to Miss. Code Ann. § 97-17-33 (2000). The jury found Nichols guilty, and the court sentenced him to pay a $3,000 fine and court costs and to serve a term of seven years in the custody of the Mississippi Department of Corrections. From that conviction and sentence, Nichols appeals to this Court and raises the following issue: whether the trial court abused its discretion in sentencing Nichols to the maximum period of confinement allowed by law. Finding no reversible error, this Court affirms.

## FACTS

¶2. This case involves the burglary of a co-op store in Leake County, Mississippi. On August 22, 1999, at 4:15 p.m. Officer Billy McMillan (Officer McMillan) of the Carthage police department received a dispatch to go to the co-op store for an alarm call. Officer David Alexander (Officer Alexander) accompanied Officer McMillan. It was a Sunday, and the co-op was closed.

¶3. Officer McMillan testified that when the officers arrived "we saw a black male with a white shirt. You could see his head bobbing up and down, trying to avoid us." The officers found the roll-up door to the co-

op open about thirty inches and four boxes of work boots stacked by the left side of the door. The male was running through to the front of the co-op. Both officers entered the building through the roll-up door. Officer McMillan then went outside and went to the front of the store. When he came around to the front of the store, he heard Officer Alexander say "I've got him." Officer McMillan ran back inside the building and recognized the man as Douglas Nichols. The police handcuffed Nichols and searched the building for any other people. As the police were walking Nichols to the police car, McMillan testified that Nichols spontaneously stated that he had bought the boots from someone at the Jr. Food Mart and that he was coming to the co-op to pick up the boots.

¶4. McMillan testified that the police inspected the building and found a broken wooden door frame separating the co-op storage area from the store area. In addition, the police discovered a broken window approximately seven to eight feet high at the back of the building. There was glass on feed bags below the window on the inside of the building and footprints on the bags. A baseball cap was found in the building as well.

¶5. Officer Alexander testified that as Nichols ran toward the front of the building he saw Officer Moore's patrol car pull in front of the front door. Nichols then turned around and ran toward Officer Alexander in the storage area of the building. Officer Alexander told Nichols to show his hands and get down on the ground. Nichols did not obey, and Officer Alexander gave the order to Nichols again. Officer Alexander then drew his gun and gave the order a third time. At that point, Officer McMillan handcuffed Nichols. Officer Alexander substantiated much of Officer McMillan's testimony. In addition, Officer Alexander stated that the boots were outside the building. After the building was inspected, the officers read Nichols his *Miranda* rights.

¶6. Bill Johnson, an employee of the Leake County Co-op, testified that on Saturday August 21, 1999, he closed and locked the doors of the business. When he arrived at the co-op on Sunday, he saw four boxes of boots outside and on the ground. The boots were normally kept in the front of the store.

¶7. Nichols testified on his own behalf and stated that as he passed the co-op he noticed that the roll-up door was open. He saw some boxes sitting outside of the door. Nichols saw a patrol car coming and thought the police would think that he was trying to break into the building, so he tried to hide from them. Nichols rolled under the roll-up door. Nichols tried to exit through another door, but was eventually captured by police. Nichols testified that he told the police that he did not break into the building and that he was just trying to get to the Jr. Food Mart. Nichols denied ever stating to police that he bought boots from someone at the Jr. Food Mart and that he was at the co-op to get them.

¶8. After deliberating, the jury found Nichols guilty. The trial court denied Nichols's motion for a jnov or for a new trial. Nichols was sentenced to pay a $3,000 fine and court costs and to serve seven years in prison.

## DISCUSSION

¶9. Nichols argues that the trial court abused its discretion in sentencing him to the maximum sentence authorized by Miss. Code Ann. § 97-17-33. In addition, he claims that the trial judge relied upon incorrect information that he was guilty of prior felony convictions. Further, Nichols asserts that the excessive and disproportionate sentence was a violation of the Eighth Amendment of the United States Constitution which prohibits cruel and unusual punishment.

¶10. "Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." *Wall v. State*, 718 So.2d 1107,1114 (Miss. 1998)(quoting *Hoops v. State*, 681 So.2d 521, 537 (Miss. 1996)). *Accord*, *Berry v. State*, 722 So.2d 706. 707 (Miss. 1998). In *Fleming v. State*, 604 So.2d 280, 302 (Miss. 1992), this Court held that the general rule in Mississippi is that a sentence that does not exceed the maximum term allowed by the statute cannot be disturbed on appeal. However, this Court will review a sentence that allegedly imposed a penalty that is disproportionate to the crime. *Id*.

¶11. The United States Supreme Court has set forth the following three-prong test for an Eighth Amendment proportionality analysis:

> (i) the gravity of the offense and the harshness of the penalty;
>
> (ii) the sentence imposed on other criminals in the same jurisdiction; and
>
> (iii) the sentences imposed for commission of the same crime in other jurisdictions.

*Solem v. Helm*, 463 U.S. 277, 290-92, 103 S.Ct. 3001, 3010-11, 77 L.Ed.2d 637 (1983).

¶12. This Court noted, however, that *Solem* was overruled in *Harmelin v. Michigan*, 501 U.S. 957, 965-66, 111 S.Ct. 2680, 2686-87, 115 L.Ed.2d 836 (1991) "to the extent that it found a guarantee of proportionality in the Eighth Amendment. In light of *Harmelin*, it appears that *Solem* is to apply only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of 'gross disproportionality.'" *Hoops v. State*, 681 So.2d at 538 (citations omitted). The appellate courts will not apply the three-prong disproportionality test when there is a lack of this initial showing. *Young v. State*, 731 So.2d 1120, 1125 (Miss. 1999); *Williams v. State*, 784 So.2d 230, 236 (Miss. Ct. App. 2000). This Court has held that a sentence that is within the statutorily defined parameters of the crime, usually is upheld and not considered cruel and unusual punishment. *Barnwell v. State*, 567 So.2d 215, 222 (Miss. 1990).

¶13. Miss. Code Ann. § 97-17-33 (2000) provides in pertinent part as follows:

> (1) Every person who shall be convicted of breaking and entering, in the day or night, **any shop, store,** booth, tent, warehouse, or other building or private room or office therein, water vessel, commercial or pleasure craft, ship, steamboat, flatboat, railroad car, automobile, truck or trailer in which any goods, merchandise, equipment or valuable thing shall be kept for use, sale, deposit, or transportation, with intent to steal therein, or to commit any felony, or who shall be convicted of breaking and entering in the day or night time, any building within the curtilage of a dwelling house, not joined to, immediately connected with or forming a part thereof, **shall be guilty of burglary, and imprisoned in the penitentiary not more than seven (7) years.**
>
> ....

(emphasis added).

¶14. The maximum sentence permitted by Miss. Code Ann. § 97-17-33 for the burglary of a building is seven years. The trial court sentenced Nichols to seven years which is clearly within the authorized period of incarceration. As Mississippi case law provides, sentencing is at the discretion of the trial court and not

subject to appellate review if it is within the limits prescribed by statute. *Berry v. State*, 722 So.2d at 707; *Wall v. State*, 718 So.2d at 1114; *Fleming v. State*, 604 So.2d at 302.

¶15. Nichols asserts that the trial judge based the sentence on an unfounded presumption that he was guilty of prior felonies. In support of his assertion that the trial court based its sentence on incorrect information, Nichols cites the following excerpts from the trial record:

> By the Court: It appears from the pre-sentence report that you have not been previously convicted of a felony crime. Yet, I find that you have been considerably involved with the City Court of Carthage, where you have been convicted of crimes of assault, contempt, petty larceny, another conviction of assault, petty larceny, shoplifting, another larceny, resisting arrest, two trespasses, and speeding.

> I would expect that you were permitted to plead to a lesser charge of petty larceny and, perhaps, that of trespass, treated as a misdemeanor as opposed to having the matter transferred to the Grand Jury.

> So, even though you have not been convicted of felony crimes, it appears in all probability you were responsible for felony crimes.

> The case for which you were tried, I think this is the first time, as long as I have been on the Bench, I've ever heard a person in the way of his defense, make an explanation that he broke into a place to keep from being arrested by police. I have never heard that excuse before, which I think kind of stretched the imagination.

> The maximum sentence, incarceration sentence, for the crime of this burglary is seven years.

> It's the sentence of this Court, Douglas Nichols, that you serve seven years with the Mississippi Department of Corrections and pay a fine of $3,000.00.

¶16. In specific, Nichols claims that by basing his sentence on the assumption that he was guilty of other felonies, he thus was being sentenced to the maximum punishment as a first time offender which is unconstitutional since there was no evidence to support the assumption. After reviewing the record and the above excerpt, we find that Nichols is incorrect in stating that the trial court sentenced him to seven years in prison based upon a belief that Nichols was guilty of felonies. The trial court gave a history of Nichols's past activities and commented on his explanation for his presence in the co-op. However, it cannot be said that Nichols's sentence, which was within the statutory limits, was based upon a belief that he was a prior felon. The fact that Nichols may be convicted of a felony for the first time in his life, does not preclude a sentence for the maximum statutory limit. As this Court has recognized, sentencing is within the discretion of a trial judge. *Wall v. State*, 718 So.2d at 1114.

¶17. To the extent that Nichols also asserts that the sentence was excessive and disproportionate in violation of the Eighth Amendment, we disagree. The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Mississippi Constitution, Article 3, Section 28 provides: "Cruel or unusual punishment shall not be inflicted, nor excessive fines be imposed." This Court has held "'that a sentence will be upheld if within statutory limits. Also, where a sentence does not exceed statutory limits, it does not constitute cruel and inhuman treatment.' " *Jackson v. State*, 740 So.2d 832, 835 (Miss. 1999)(quoting *Sanders v. State*, 678 So.2d 663 (Miss.1996)). The facts of the case before this Court do not require consideration of the proportionality test. *Hoops v. State*, 681 So.2d at 538; *Young v. State*, 731 So.2d

1120, 1125 (Miss. 1999).

¶18. In the case sub judice, Nichols was indicted for burglary of a business. This crime carries a maximum sentence of seven years' imprisonment. Clearly, if Nichols was found guilty of burglary of a business then he could have been sentenced to seven years imprisonment for this crime within the guidelines set forth in the applicable statute. Indeed, the jury in Leake County convicted Nichols of burglary of a business. This Court finds that there was no abuse of discretion by the trial judge in sentencing Nichols. The seven-year sentence was within the limits set forth by the statute. In addition, we find that this Court is not bound to analyze this issue pursuant to *Solem*, and there was no violation for the Eighth Amendment in terms of cruel and unusual punishment. Again, the trial court gave Nichols a sentence within the statutorily proscribed limits. The fact that the trial court sentenced Nichols to the maximum time authorized by statute when this may have been his first felony conviction is inconsequential. This issue is without merit.

## CONCLUSION

¶19. The sentence imposed by the trial court for the crime of burglary of a business was within the confines of the statutory limit. Therefore, the judgment of the Leake County Circuit Court is affirmed.

¶20. **CONVICTION OF BURGLARY OF A BUSINESS AND SENTENCE OF SEVEN (7) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND PAYMENT OF A FINE OF $3,000.00 AND ALL COSTS OF COURT, AFFIRMED.**

**PITTMAN, C.J., McRAE AND SMITH, P.JJ., WALLER, COBB, DIAZ, CARLSON AND GRAVES, JJ., CONCUR.**