# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-KP-02170-SCT

*TREY ALLEN BEAMON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/07/2007 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TREY ALLEN BEAMON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOHN R. HENRY |
| DISTRICT ATTORNEY: | MARK SHELDON DUNCAN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 04/02/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., RANDOLPH AND CHANDLER, JJ.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.     Following his indictment for armed robbery, Trey Allen Beamon elected to file a "Petition to Plead Guilty" to the lesser crime of "strong arm robbery[,]" in exchange for the State's recommendation of a fifteen-year sentence in the custody of the Mississippi Department of Corrections ("MDOC"). Thereafter, the Circuit Court of Neshoba County, Mississippi, although not required to do so, accepted the State's recommendation and sentenced Beamon to fifteen years in the custody of the MDOC. Beamon now appeals regarding the constitutionality of his sentence.

FACTS

¶2. The record is sparse regarding the underlying incident. According to Beamon's testimony, on April 16, 2007, he exhibited a weapon and took "[l]ike $700" from eight Hispanic individuals. Moreover, Beamon testified that he gave no money to April Foster because "she didn't ask for none."

¶3. On August 28, 2007, Beamon and Foster were indicted for armed robbery pursuant to Mississippi Code Annotated Section 97-3-79, which carries a maximum sentence of life imprisonment. *See* Miss. Code Ann. § 97-3-79 (Rev. 2006). The indictment specifically stated that Beamon and Foster:

> did wilfully, unlawfully and feloniously take or attempt to take from the presence of [eight individuals], against the will of [those eight individuals], by putting [those eight individuals] in fear of immediate injury to their persons by the exhibition of a deadly weapon, namely, a firearm, cash money in the form of currency of more than [$10.00] . . . belonging to and being the personal property of [those eight individuals] contrary to and in violation of Section 97-3-79, Miss. Code Ann. (1972) . . . .

¶4. On November 6, 2007, Beamon filed his "Petition to Plead Guilty" to the crime of "strong arm robbery." *Inter alia*, Beamon's sworn petition included the following statements/questions and answers:

> Q. Do you know and understand the maximum and minimum sentence for this crime [armed robbery vs. robbery] is
> A. max - life + $10,000, min - 0 yrs + $0; Strong arm [robbery] - 15 yrs + $10,000, min - 0 yrs + [$]0.
>
> . . .
>
> Q. Has anyone told you that it would be better for you to plead guilty, that the court would be lighter on you, or anything like those statements?
> A. No.

. . .

Q. Do you understand that . . . if you plead guilty, you are waiving your right to appeal your case?
A. Yes.

. . .

Q. Do you understand that if you plead guilty, you are waiving your constitutional rights against self-incrimination, the constitutional rights I have just asked you about, and all of your constitutional rights?
A. Yes.
Q. Do you understand that, if your plea of guilty is accepted, the only thing remaining for the court to do is to sentence you, and that sentence could be to the maximum sentence provided by the law?
A. Yes.

. . .

Q. State what sentence the State will recommend, if any to your knowledge, on your [p]lea of guilty.
A. 15 years . . . $1,500.00.

. . .

Q. Has anyone ever indicated or told you the State's recommendation would be less?
A. No.

. . .

Q. Knowing your personal background, the crime you are charged with committing, the maximum and minimum punishment therefor, that you are waiving all of your constitutional rights, what the State will recommend, and that the court may not accept the recommendation of the State and may sentence you to the maximum sentence provided by law, is it still your desire to enter a plea of guilty to the crime with which you are charged?
A. Yes.

In the "Transcript of Guilty Plea," Beamon's sworn testimony conforms to the sworn answers contained in his "Petition to Plead Guilty." Regarding whether his plea bargain was

3

for a sentence recommendation of fifteen years for strong-arm robbery, Beamon answered affirmatively. The State then confirmed that its recommendation was for Beamon to "be sentenced to the custody of the [MDOC] for a period of 15 years." The circuit court subsequently followed that recommendation in sentencing. On November 8, 2007, a "Judgment on Guilty Plea" was entered by the circuit court.

¶5. On November 30, 2007, Beamon filed a "Notice of Appeal" pro se regarding "the sentence imposed upon him . . . ."

**ISSUE**

¶6. This Court will consider:

(1) Whether Beamon was denied due process of law in sentencing, and whether the resulting term of imprisonment imposed constitutes a disproportionate sentence.[1]

**ANALYSIS**[2]

¶7. According to Beamon:

the trial court violated [his] due process right to be sentenced on accurate information and erred in its exercise of discretion because the [c]ourt relied upon the unverified statements made by [Foster], a co-defendant who had an interest in [Beamon] being convicted and sentenced, without allowing

---

[1]This Court has consolidated the two issues raised by Beamon into one issue.

[2]Preliminarily, this Court notes that, despite Beamon's guilty plea, he retains the right to appeal an "alleged erro[r] in sentencing." **Lett v. State**, 965 So. 2d 1066, 1070 (Miss. 2007). *See also* **Trotter v. State**, 554 So. 2d 313, 315 (Miss. 1989). This Court's review is limited to the sentencing issue and is not procedurally barred by Mississippi Code Annotated Section 99-35-101 (Rev. 2007). While not applicable in this case, this Court adds that Mississippi Code Annotated Section 99-35-101 was amended, effective July 1, 2008, to state "[a]ny person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed." Miss. Code Ann. § 99-35-101 (Supp. 2008).

4

[Beamon] an opportunity to cross[-]examine the statements or to offer his version of the events. The court believed, erroneously, that [Foster] was not involved and because Foster was white and [Beamon] was black, the [c]ourt never allowed [Beamon] to question Foster and simply took Foster's word. Foster was over five years older than [Beamon] and did bring [Beamon] to the location of the victim of the crime. According to Foster, she was not a participant.[3] The [c]ourt reserved the right to vacate and set aside Foster's sentence. This was a luxury which the [c]ourt did not extend to [Beamon] even though [Beamon] was a first time offender and entered a plea of guilty.

Beamon maintains that the circuit court's purported reliance upon this alleged "inaccurate information" constitutes a denial of due process of law, which led to the imposition of a "disproportionate" sentence for strong-arm robbery. In sum, Beamon contends that because "the court imposed the maximum, consecutive sentences with the erroneous belief that [Beamon] had been the aggressor in the robbery, had committed an assault during the robbery, [and] had kidnaped Foster, an admitted prostitute, at gun point." Thus, he argues that his sentence amounts to an abuse of discretion.

¶8. Beamon further asserts that the circuit court failed to consider "mitigating circumstances" in imposing the sentence and cites Wisconsin law in arguing that the circuit court failed to "justify the sentence on the record and indicate what factors or evidence was considered in arriving at such sentence[,]" despite Foster's alleged testimony that "other people were involved in the same offense which others were never charged."

¶9. Procedurally, this Court notes that Beamon failed to challenge the constitutionality of his sentence or raise mitigating circumstances before the circuit court.[4] Therefore, this

---

[3]To clarify, the alleged "inaccurate information" is that "Foster was not involved and had been forced by [Beamon] to be a participant or be present at the crime scene."

[4]As the State argues, "[t]he [c]ircuit [c]ourt therefore cannot be faulted for having failed to take such evidence into consideration."

Court is procedurally barred from considering such arguments on appeal. *See Reed v. State*, 536 So. 2d 1336, 1339 (Miss. 1988). Notwithstanding the procedural bar, this Court will address the sentencing issue in Beamon's appeal.

¶10. Without question, "the sentencing process as well as the trial itself, must satisfy the requirements of the Due Process Clause." *Gardner v. Florida*, 430 U.S. 349, 358, 97 S. Ct. 1197, 1205, 51 L. Ed. 2d 393, 402 (1977). Moreover, the reliance upon materially false assumptions in sentencing violates due process. *See United States v. Tucker*, 404 U.S. 443, 447, 92 S. Ct. 589, 592, 30 L. Ed. 2d 592, 596 (1972); *Townsend v. Burke*, 334 U.S. 736, 740-41, 68 S. Ct. 1252, 1255, 92 L. Ed. 1690, 1693 (1948). However, Beamon's entire argument on this point is premised upon the alleged "unverified statements" of Foster, which are absent from the record. This Court has stated that:

> we must decide each case by the facts shown in the record, not assertions in the brief, however sincere counsel may be in those assertions. Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them.

*Mason v. State*, 440 So. 2d 318, 319 (Miss. 1983) (citations omitted). *See also American Fire Protection, Inc. v. Lewis*, 653 So. 2d 1387, 1390 (Miss. 1985) ("it is an appellant's duty to justify his arguments of error with a proper record, which does not include mere assertions in his brief, or the trial court will be considered correct."). Foster's testimony is absent from the record. Accordingly, the actions of the circuit court are deemed correct.

¶11. Regarding the sentence imposed, this Court has stated that:

6

"[s]entencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute."[5] *Wall v. State*, 718 So. 2d 1107, 1114 (Miss. 1998) (quoting *Hoops v. State*, 681 So. 2d 521, 537 (Miss. 1996)). . . . In *Fleming v. State*, 604 So. 2d 280, 302 (Miss. 1992), this Court held that the general rule in Mississippi is that a sentence that does not exceed the maximum term allowed by the statute cannot be disturbed on appeal. However, this Court will review a sentence that allegedly imposed a penalty that is disproportionate to the crime. *Id.*

The United States Supreme Court has set forth the following three-prong test for an Eighth Amendment proportionality analysis:

> (i) the gravity of the offense and the harshness of the penalty;
> (ii) the sentence imposed on other criminals in the same jurisdiction; *and*
> (iii) the sentences imposed for commission of the same crime in other jurisdictions.

*Solem v. Helm*, 463 U.S. 277, 290-92, 103 S. Ct. 3001, 3010-11, 77 L. Ed. 2d 637 (1983).

This Court noted, however, that *Solem* was overruled in *Harmelin v. Michigan*, 501 U.S. 957, 965-66, 111 S. Ct. 2680, 2686-87, 115 L. Ed. 2d 836 (1991) "to the extent that it found a guarantee of proportionality in the Eighth Amendment. In light of *Harmelin*, it appears that *Solem* is to apply only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of '*gross disproportionality*.'" *Hoops*, 681 So. 2d at 538 (citations omitted). The appellate courts will not apply the three-prong disproportionality test when there is a lack of this initial showing. *Young v. State*, 731 So. 2d 1120, 1125 (Miss. 1999) . . . . This Court has held that a sentence that is within the statutorily defined parameters of the crime, usually is upheld and not considered cruel and unusual punishment. *Barnwell v. State*, 567 So. 2d 215, 222 (Miss. 1990).[6]

---

[5]This Court has stated that "[i]t is within the legislative purview to define crimes and to assign punishment." *Braxton v. State*, 797 So. 2d 826, 829 (Miss. 2000) (citing *Weaver v. State*, 713 So. 2d 860, 863 (Miss. 1997)).

[6]*See also Wallace v. State*, 607 So. 2d 1184, 1188 (Miss. 1992) (quoting *Clowers v. State*, 522 So. 2d 762, 765 (Miss. 1988)) ("outside the context of capital punishment, successful challenges to the proportionality of a particular sentence will be exceedingly rare.").

*Nichols v. State*, 826 So. 2d 1288, 1290 (Miss. 2002) (emphasis added). Mississippi Code Annotated Section 97-3-75 provides that "[e]very person convicted of robbery shall be punished by imprisonment in the penitentiary for a term not more than fifteen years." Miss. Code Ann. § 97-3-75 (Rev. 2006). Beamon's sentence was within the limits set forth by the applicable statute.

¶12. Given that Beamon's sentence was consistent with the State's recommendation, which Beamon acknowledged prior to entering his guilty plea, and was within the limits prescribed by Mississippi Code Annotated Section 97-3-75, this Court finds no basis upon which to require an articulated justification by the circuit judge. Nor does the record support an inference of gross disproportionality. Accordingly, this Court finds Beamon's sentencing argument to be without merit.

**CONCLUSION**

¶13. We affirm the "Judgment on Guilty Plea" and sentence of the Circuit Court of Neshoba County.

¶14. **CONVICTION OF STRONG ARMED ROBBERY AND SENTENCE OF FIFTEEN (15) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.**

**WALLER, C.J., CARLSON, P.J., DICKINSON, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. GRAVES, P.J., CONCURS IN RESULT ONLY.**