FAIR, J., FOR THE COURT:
 

 ¶ 1. In 1990, Vincent Young pled guilty to armed robbery. In exchange for joining the State's recommendation that he receive a life sentence, the prosecution dropped an aggravated assault count and agreed not to prosecute Young as a habitual offender on the armed robbery charge. The circuit court followed the agreed recommendation
 and sentenced Young to life imprisonment under Mississippi Code Annotated section 97-3-79.
 

 ¶ 2. Now, more than twenty-five years later, Young has filed a motion for post-conviction relief, claiming that his sentence was illegal because under the prevailing interpretation of the statute at the time of his offense, only a jury could sentence him to life imprisonment for armed robbery. The Mississippi Supreme Court recently abandoned that interpretation of the statute's operative language, holding that statutes which permit the trial court to sentence a defendant to "any term" of incarceration include life sentences.
 
 Bester v. State
 
 ,
 
 188 So.3d 526
 
 , 529-30 (¶¶ 7-10) (Miss. 2016). The circuit court dismissed Young's petition, finding it both time-barred and without merit under
 
 Bester
 
 . On appeal, Young acknowledges that his sentence is legal in light of
 
 Bester
 
 , but he contends that applying
 
 Bester
 
 's holding to him amounts to an ex post facto law. We find that Young waived his right to challenge his sentence by joining the State's recommendation. We also conclude that Young's sentence was legal under
 
 Bester
 
 and that
 
 Bester
 
 did not violate the Ex Post Facto Clauses of the Mississippi and United States Constitutions. We affirm the circuit court's dismissal of Young's PCR motion.
 

 STANDARD OF REVIEW
 

 ¶ 3. The circuit court may summarily dismiss a PCR petition "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]"
 
 Miss. Code Ann. § 99-39-11
 
 (2) (Rev. 2007). "On appeal, this Court will affirm the summary dismissal of a PCR [petition] if the petitioner has failed to demonstrate 'a claim procedurally alive substantially showing the denial of a state or federal right.' "
 
 Flowers v. State
 
 ,
 
 978 So.2d 1281
 
 , 1283 (¶ 5) (Miss. Ct. App. 2008) (quoting
 
 Young v. State
 
 ,
 
 731 So.2d 1120
 
 , 1122 (¶ 9) (Miss. 1999) ). We review questions of law de novo.
 
 Johnson v. State
 
 ,
 
 962 So.2d 87
 
 , 89 (¶ 8) (Miss. Ct. App. 2007).
 

 DISCUSSION
 

 ¶ 4. Young argues that his claim is not subject to the time-bar because his fundamental constitutional rights were violated by an illegal sentence. "[E]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act]."
 
 Rowland v. State
 
 ,
 
 42 So.3d 503
 
 , 506 (¶ 9) (Miss. 2010). But mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar.
 
 Chandler v. State
 
 ,
 
 44 So.3d 442
 
 , 444 (¶ 8) (Miss. Ct. App. 2010). Rather, "there must at least appear to be some basis for the truth of the claim before the [procedural bar] will be waived."
 

 Id.
 

 ¶ 5. Young acknowledges that his sentence is legal today in light of
 
 Bester v. State
 
 ,
 
 188 So.3d 526
 
 , 529-30 (¶¶ 7-10) (Miss. 2016), where the Mississippi Supreme Court held that statutes that permit the trial court to sentence a defendant to "any term" include sentences of life imprisonment. Young argues, however, that at the time he was sentenced, the controlling precedent of the Mississippi Supreme Court held that only a jury could pronounce a life sentence for armed robbery.
 
 See, e.g.,
 

 Stewart v. State
 
 ,
 
 372 So.2d 257
 
 , 258 (Miss. 1979).
 

 ¶ 6. First of all, it is apparent that Young has waived any right to challenge the sentence he received. Young voluntarily agreed to his life sentence as part of his plea bargain. The circuit court's order accepting Young's plea and imposing his sentence explained that the State "agreed to reduce that portion of the indictment
 charging [Young] as a habitual offender in return for the acceptance by [Young] of a sentence of life imprisonment, as a non-habitual, for the offense of [armed] robbery." The parties to the plea bargain even agreed that if Young's life sentence is ever set aside, the State's "agreement to reduce the habitual offender portion of the indictment will have been abrogated and the said habitual offender portion of the indictment will be restored ... upon the request of the State." Young voluntarily accepted a life sentence with the possibility of parole
 
 [1]
 
 in order to avoid a life sentence without the possibility of parole as a violent habitual offender. And the circuit judge who accepted Young's plea found that it was "freely, voluntarily, knowingly, and intelligently made."
 

 ¶ 7. In this Court's opinion in
 
 Bester
 
 , on materially indistinguishable facts, we held that the defendant waived any objection to the legality of his life sentence by voluntarily agreeing to the sentence as part of his plea bargain.
 
 Bester v. State
 
 ,
 
 188 So.3d 576
 
 (Miss. Ct. App. 2014),
 
 aff'd on other grounds
 
 ,
 
 188 So.3d 526
 
 (Miss. 2016). We reasoned that "Bester's sentence [was] not an illegal sentence, as life imprisonment is a sentence permitted as a lawful punishment for forcible rape, albeit when imposed by a jury."
 

 Id.
 

 at 578
 
 (¶ 9). Therefore, there was "no public-policy concern that Bester received a sentence not authorized by statute."
 

 Id.
 

 We further reasoned that "[b]y pleading guilty and negotiating a 'mutually acceptable' plea agreement, Bester ... waived his right to a trial by a jury of his peers, and also the right for the jury to impose his sentence."
 

 Id.
 

 at 580
 
 (¶ 14). We held that Bester could not, years later, "trifle with the circuit court and effectively renege on his plea agreement after he freely and voluntarily waived his right to have a jury impaneled for his trial and sentencing."
 

 Id.
 

 at (¶ 15).
 

 ¶ 8. The supreme court affirmed on other grounds in
 
 Bester
 
 , but it did not disapprove of this Court's opinion. This Court's opinion remains good law, and its reasoning applies to the facts of this case. The record is clear that Young voluntarily agreed to a life sentence in order to avoid the risk of a sentence of life without the possibility of parole. By doing so, he waived any right to jury sentencing or to claim that his sentence is "illegal."
 

 ¶ 9. Moreover, as the supreme court held in
 
 Bester
 
 , Young's sentence was legal.
 
 [2]
 
 Young himself concedes that
 
 Bester
 
 controls; he just disputes the constitutionality of its application to him. We shall address that issue in turn, but since this Court does not unanimously agree that
 
 Bester
 
 controls, we will explain our reasons for finding it to be controlling precedent in this case. The Mississippi Supreme Court held in
 
 Bester
 
 that the language of the statute, which provided that the court could sentence the defendant to "any term" in the state penitentiary, meant what it appeared to say-the court could sentence the defendant to any term, including life imprisonment, even if no jury had chosen that punishment.
 

 Bester v. State
 
 ,
 
 188 So.3d 526
 
 , 529-30 (¶¶ 7-10) (Miss. 2016). The problem, according to the separate opinion, is that
 
 Bester
 
 concerned the rape statute, while today's case concerns the armed robbery statute. The separate opinion reasons that even though the operative language of the armed robbery statute and the operative language of the rape statute are identical, this Court lacks the authority to apply the holding in
 
 Bester
 
 because the supreme court did not expressly overrule any of its prior decisions addressing the armed robbery statute.
 

 ¶ 10. We certainly agree with the separate opinion that this Court, as an intermediate appellate court, lacks the authority to overrule decisions of the Mississippi Supreme Court. Nor do we claim the authority to ignore precedent because this Court believes the supreme court would rule differently if it were to decide the case anew. We find
 
 Bester
 
 controlling because, although it only expressly overruled rape cases, the supreme court's former interpretation of the armed robbery statute was expressly derived from a rape case that was directly overruled by
 
 Bester
 
 . The holding in
 
 Bester
 
 was not premised on anything unique to the rape statute. Instead, the court spoke to the construction of specific statutory language-language that has direct application to today's case because it is also used in the armed robbery statute. The supreme court in
 
 Bester
 
 noted the "any term" language of the rape statute and held:
 

 "Any term" includes life imprisonment. "Our law has long provided that the imposition of sentence following a criminal conviction is a matter within the discretion of the Circuit Court, subject only to statutory and constitutional limitations."
 
 Jackson v. State
 
 ,
 
 551 So.2d 132
 
 , 149 (Miss. 1989) (emphasis added). Bester's sentence violates neither. And "[s]o long as these are not offended, we rarely interfere."
 

 Id.
 

 As such, Bester's sentence is not illegal.
 

 Bester
 
 , 188 So.3d at 529 (¶ 6). The operative language of the rape statute and the armed robbery statute is identical. The rape statute ( Mississippi Code Annotated section 97-3-65(2) ) read at the relevant time:
 

 [U]pon conviction, [the defendant] shall be imprisoned for life in the State Penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment the court shall fix the penalty at imprisonment in the State Penitentiary for any term as the court, in its discretion, may determine.
 

 The armed robbery statute at issue in today's case, Mississippi Code Annotated section 97-3-79 (Rev. 2014) (which has not been amended since Young's offense) reads:
 

 [U]pon conviction, [the defendant] shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.
 

 The supreme court held in
 
 Bester
 
 that "any term" includes life sentences.
 
 Bester
 
 , 188 So.3d at 529 (¶ 6). We cannot fairly distinguish that holding simply because
 
 Bester
 
 was a rape case and today's case in an armed robbery case.
 

 ¶ 11. Furthermore, this Court has already addressed this issue, last year, and we concluded that
 
 Bester
 
 applies to armed robbery cases. In
 
 Hayes v. State
 
 ,
 
 203 So.3d 1144
 
 , 1146 (¶¶ 6-7) (Miss. Ct. App. 2016), a post-conviction petitioner argued on appeal that his sentence was illegal because it exceeded his life expectancy. He
 based his argument on
 
 Stewart v. State
 
 ,
 
 372 So.2d 257
 
 (Miss. 1979), which was an armed robbery case applying the pre-
 
 Bester
 
 rationale to find a sentence illegal for exceeding the defendant's life expectancy. This Court noted that
 
 Stewart
 
 was the "progeny" of
 
 Lee v. State
 
 ,
 
 322 So.2d 751
 
 (Miss. 1975), a rape case, and thus had been overruled by
 
 Bester
 
 when it expressly overruled
 
 Lee
 
 .
 
 See
 

 Hayes
 
 ,
 
 203 So.3d at 1146
 
 (¶¶ 6-7). This Court referred to
 
 Stewart
 
 (the armed robbery case) as no longer being "good law."
 
 Hayes
 
 ,
 
 203 So.3d at 1146
 
 (¶¶ 6-7).
 

 ¶ 12. The supreme court itself has also repeatedly held or observed that the rape and armed robbery statutes, because they employ identical operative language, are inexorably linked. In
 
 Stewart
 
 , the first armed robbery case employing the old interpretation of "any term," the supreme court referred to
 
 Lee
 
 , a rape case, as a "conflicting decision" to its prior armed robbery precedent.
 
 Stewart
 
 ,
 
 372 So.2d at 258
 
 . The
 
 Stewart
 
 court then simply applied its holding in
 
 Lee
 
 , noting that it was the "sounder rule."
 

 Id.
 

 at 259
 
 .
 

 ¶ 13. In 2014,
 
 Bester
 
 was previewed in separate opinions in
 
 Hampton v. State
 
 ,
 
 148 So.3d 992
 
 (Miss. 2014), and
 
 Foster v. State
 
 ,
 
 148 So.3d 1012
 
 (Miss. 2014), both of which concerned the armed robbery statute and were handed down the same day. Justice Coleman authored concurring opinions in both cases, which were joined in part by three other justices. He offered the same reasons for overruling the prior interpretation of the "any term" language that the court later adopted in
 
 Bester
 
 . Justice Coleman also noted that the rape statute had the same relevant language, but its code section had been amended by the Legislature in the years since the decision in
 
 Lee
 
 in 1975, while the armed robbery statute had not been amended since
 
 Stewart
 
 in 1979. Thus, the only conceivable reason to distinguish between
 
 Stewart
 
 and
 
 Lee
 
 cuts toward upholding
 
 Lee
 
 based on ratification by the Legislature-but it was
 
 Lee
 
 the supreme court expressly overruled in
 
 Bester
 
 .
 

 ¶ 14. The dissenters in
 
 Bester
 
 also recognized that the same standard was at issue in both rape and armed robbery cases. Justice Kitchens quoted Justice Chandler's dissent in
 
 Hampton
 
 describing
 
 Stewart
 
 and
 
 Lee
 
 as establishing "the standard" that had "been consistently applied ... to both armed robbery and forcible rape statutes."
 
 See
 

 Bester
 
 , 188 So.3d at 531 (¶ 17) (Kitchens, J., dissenting) (quoting
 
 Hampton
 
 , 148 So.3d at 1010-11 (¶ 53) (Chandler, J., dissenting)). Justice Chandler's dissent in
 
 Hampton
 
 had further observed that "[t]he sentencing statute for forcible rape uses substantially identical language, and our case law consistently has applied both statutes in an identical manner."
 
 Hampton
 
 , 148 So.3d at 1010-11 (¶ 52).
 

 ¶ 15. Thus, we reaffirm our prior holding in
 
 Hayes
 
 -
 
 Bester
 
 overruled
 
 Stewart
 
 when it overruled
 
 Lee
 
 .
 
 Stewart
 
 was explicitly based on
 
 Lee
 
 , the relevant statutory language is identical, and the statutes have always been treated the same way by the supreme court.
 
 See
 

 Hayes
 
 ,
 
 203 So.3d at 1146
 
 (¶¶ 6-7).
 

 ¶ 16. Finally, we turn to Young's claim that a change in the interpretation of the statute amounts to the imposition of an ex post facto law when applied to him, since
 
 Bester
 
 was handed down long after he committed the offense. Young contends that the relevant standard is an absolute one, outlined in
 
 Collins v. Youngblood
 
 ,
 
 497 U.S. 37
 
 , 50,
 
 110 S.Ct. 2715
 
 ,
 
 111 L.Ed.2d 30
 
 (1990) -that
 
 Bester
 
 "[made] more burdensome the punishment for a crime, after its commission." But what the United States Supreme Court actually held is that the Ex Post Facto Clause prohibits "
 
 any
 

 statute
 
 ... which makes more burdensome the
 punishment for a crime, after its commission, after its commission."
 

 Id.
 

 (quoting
 
 Beazell v. Ohio
 
 ,
 
 269 U.S. 167
 
 , 169,
 
 46 S.Ct. 68
 
 ,
 
 70 L.Ed. 216
 
 (1925) ) (emphasis added).
 
 Bester
 
 was a judicial decision, not the enactment of a statute. The Supreme Court has held that judicial decisions are not subject to ex post facto challenges.
 
 See
 

 Rogers v. Tennessee
 
 ,
 
 532 U.S. 451
 
 , 459-60,
 
 121 S.Ct. 1693
 
 ,
 
 149 L.Ed.2d 697
 
 (2001). Thus, Bester's contention is without merit.
 

 ¶ 17. A challenge, if it were to be made at all, must be under the Due Process Clause. The relevant test is different and much more lenient-the judicial decision can be applied retroactively unless it is "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue."
 

 Id.
 

 at 466
 
 ,
 
 121 S.Ct. 1693
 
 . But this issue has not been briefed or argued and is therefore barred on appeal.
 
 See
 

 Gilmer v. State
 
 ,
 
 955 So.2d 829
 
 , 837 (¶ 29) (Miss. 2007). We do not find it barred because Young cited the wrong constitutional clauses, but because the due process question is one of first impression and it has not been briefed or argued on appeal by either party. The fault lies with Young, who, as the appellant, was required to raise the issue and meaningfully support his assignments of error with "the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on.' "
 
 Hill v. State
 
 ,
 
 215 So.3d 518
 
 , 524 (¶ 20) (Miss. Ct. App. 2017) (quoting M.R.A.P. 28(a)(7) ). "While pro se litigants are afforded some leniency, they must be held to substantially the same standards of litigation conduct as members of the bar."
 

 Id.
 

 (quoting
 
 Sumrell v. State
 
 ,
 
 972 So.2d 572
 
 , 574 (¶ 6) (Miss. 2008) ).
 

 ¶ 18. Young's challenge to
 
 Bester
 
 as an ex post facto law is without merit, and we will not consider the potential due process issue because his total failure to address it bars it from consideration on appeal.
 

 ¶ 19.
 
 AFFIRMED.
 

 LEE, C.J., IRVING, P.J., GREENLEE AND WESTBROOKS, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WILSON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J., AND CARLTON, J.
 

 A prisoner convicted of armed robbery prior to October 1, 1994, is eligible for parole after he has served ten years.
 
 Miss. Code Ann. § 47-7-3
 
 (c)(i) (Rev. 2015).
 

 Although we address this point in the alternative, as this Court routinely does in post-conviction cases, our alternative holding on this point is not dicta. "[W]here a decision rests on two or more grounds, none can be relegated to the category of obiter dictum."
 
 Woods v. Interstate Realty Co.
 
 ,
 
 337 U.S. 535
 
 , 537,
 
 69 S.Ct. 1235
 
 ,
 
 93 L.Ed. 1524
 
 (1949) ;
 
 see also
 

 In re Hearn,
 

 376 F.3d 447
 
 , 453-54 n.5 (5th Cir. 2004) ("It is well-established that alternative holdings of this Court are binding on future panels.").