# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00397-COA

**JOHN CASTON**                                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                 **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/15/2021 |
| TRIAL JUDGE: | HON. BETTY W. SANDERS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | SANFORD E. KNOTT |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALEXANDRA LEBRON |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/06/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE WILSON, P.J., McCARTY AND SMITH, JJ.

### SMITH, J., FOR THE COURT:

¶1.     John Caston pled guilty in the Hinds County Circuit Court to ten counts of armed robbery with a firearm enhancement and was sentenced according to his plea agreement with the State. Nine years later, Caston filed a motion for post-conviction collateral relief (PCR) requesting an evidentiary hearing and attacking the proportionality of his sentence under the Eighth Amendment. The trial court denied Caston's request for an evidentiary hearing and dismissed his PCR motion, and Caston appeals. Finding no error, we affirm the trial court's denial of an evidentiary hearing and dismissal of Caston's PCR motion.

### STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

¶2.     In July 2010, John Caston admitted to participating in ten armed robberies committed in Hinds County over the course of two days. Caston's confession also identified four other people involved in the armed robberies (Caston's "co-defendants"). Caston was indicted on October 27, 2010, for ten counts of armed robbery in violation of Mississippi Code Annotated section 97-3-79 (Rev. 2006) with a firearm enhancement under Mississippi Code Annotated section 97-37-37 (Rev. 2006). Each of his four co-defendants was also indicted on October 27, 2010, for the same ten counts of armed robbery with a firearm enhancement.

¶3.     On April 11, 2011, Caston entered a guilty plea to all ten counts of armed robbery with a firearm, which the Hinds County Circuit Court accepted. The trial court sentenced Caston to a term of thirty years on each count to be served concurrently in the custody of the Mississippi Department of Corrections (MDOC).[1]

¶4.     Caston subsequently filed his PCR motion on August 10, 2020. He requested that the trial court grant him an evidentiary hearing on the ground that Caston's sentence was disproportionate to the sentences his co-defendants received in violation of his Eighth Amendment rights and to re-examine his sentence as a youth offender. Caston argued his PCR motion was not procedurally barred because he could not have raised his claim at trial,

---

[1] The following facts are not in the record but were accepted as true in the trial court's order denying Caston's PCR motion. In July 2011, one of his co-defendants entered a guilty plea to two counts on a reduced charge of simple robbery and received a fifteen-year sentence for each count, to be served concurrently. A second co-defendant then entered a guilty plea in September 2011 and pled guilty to two counts on the reduced charge of simple robbery and received a fifteen-year sentence on each count to be served concurrently.

as he was sentenced before his co-defendants, or on direct appeal, as he had waived that right by pleading guilty, and because his claim involved a fundamental-rights exception. The trial court denied him an evidentiary hearing and dismissed Caston's PCR motion upon finding that his co-defendants were convicted of lesser charges; he agreed to his thirty-year sentence at the sentencing hearing without objection; and his youth was not a determinative factor. Aggrieved, Caston appeals from the trial court's order denying his request for an evidentiary hearing and dismissing his PCR motion.

## STANDARD OF REVIEW

¶5. "We review the dismissal or denial of a PCR motion for abuse of discretion." *Bevalaque v. State*, 337 So. 3d 691, 694 (¶6) (Miss. Ct. App. 2022) (quoting *Wheeler v. State*, 306 So. 3d 751, 757 (¶20) (Miss. Ct. App. 2020)). We only reverse "the trial court's factual findings [if they] are clearly erroneous." *Id.* Questions of law, however, are reviewed de novo. *Id.* Additionally, "[o]n appeal, this Court will affirm the summary dismissal of a PCR petition if the petitioner has failed to demonstrate 'a claim procedurally alive substantially showing the denial of a state or federal right.'" *Young v. State*, 245 So. 3d 510, 512 (¶3) (Miss. Ct. App. 2017) (quoting *Flowers v. State*, 978 So. 2d 1281, 1283 (¶5) (Miss. Ct. App. 2008)).

## DISCUSSION

¶6. Caston claims that his sentence violates the Eighth Amendment because it is grossly disproportionate to the sentences imposed on his co-defendants. He specifically takes issue

3

with the trial court's application of the disproportionality factors. Caston contends that the trial court erred in basing its ruling on the fact that the co-defendants pled guilty to lesser offenses. He alleges the trial court failed to acknowledge that Caston's cooperation led to his co-defendants' convictions or that the State did not provide an explanation for the disparate treatment of him and his co-defendants. He argues that his significantly greater sentence is unconstitutional considering his indictment was identical to his co-defendants' indictments, and his cooperation with the State led to the identification and conviction of his co-defendants.

¶7.     "A trial court possesses the authority to summarily dismiss a PCR motion without an evidentiary hearing 'if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.'" *Carter v. State*, 313 So. 3d 495, 499 (¶18) (Miss. Ct. App. 2020) (quoting *Kennedy v. State*, 181 So. 3d 299, 301 (¶9) (Miss. Ct. App. 2015)); *accord* Miss. Code Ann. § 99-39-11(2) (Rev. 2015) ("If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified."). The trial court was not in error and did not abuse its discretion by denying Caston an evidentiary hearing because it plainly appeared from the face of his PCR motion that Caston was not entitled to relief. We find that Caston waived his right to challenge his sentence when he entered his guilty plea and that his claim of an unconstitutionally disproportionate sentence lacks merit.

4

## I.      Waiver of the Right to Challenge the Sentence

¶8.      After a review of the record, "it is apparent that [Caston] has waived any right to challenge the sentence he received[,]" considering Caston "voluntarily agreed to his [thirty-year concurrent] sentence as part of his plea bargain." *Young*, 245 So. 3d at 512 (¶6).

¶9.      In *Ross v. State*, 87 So. 3d 484, 485 (¶2) (Miss. Ct. App. 2011), the defendant pled guilty to armed robbery in return for the State dismissing a charge for conspiracy, and the defendant received a sentence of thirty years. The defendant filed a PCR motion claiming he received a disproportionate sentence because "one of his co-defendants was allowed to plead guilty to a lesser crime than armed robbery and received a lesser sentence." *Id*. at (¶3). "[T]he trial court noted that 'the sentences imposed in this matter were all the results of plea negotiations and recommendations by the State of Mississippi.'" *Id*. at 487 (¶12). As a result, the argument of a disproportionate sentence was without merit. *Id*. at (¶13).

¶10.     After the defendant in *Bester v. State*, 188 So. 3d 576, 576 (¶1) (Miss. Ct. App. 2014), pled guilty and received a life sentence, he filed a PCR motion arguing the sentence was illegal. We noted that "Bester's guilty plea was 'entered freely, voluntarily, and intelligently' and that the circuit court was 'further advised by Bester, defense counsel, and the State's attorneys that plea negotiations have been conducted and that the recommendation of the State is mutually acceptable to all parties.'" *Id*. at 578 (¶9). This Court concluded, "[I]t [wa]s clear in Bester's case that he waived a jury and requested the circuit court to honor his plea agreement." *Id*. at 579 (¶10).

¶11.    Then in *Young*, the defendant pled guilty to armed robbery in exchange for the State dropping other charges and recommending a life sentence. *Young*, 245 So. 3d at 512 (¶1). The trial court followed the recommendation from the plea agreement and imposed a life sentence. *Id*. The defendant later filed a PCR motion alleging that he received an illegal sentence. *Id*. at 512 (¶2). We noted "that Young waived his right to challenge his sentence by joining the State's recommendation." *Id*. This Court found, "The record [wa]s clear that Young voluntarily agreed to a life sentence in order to avoid the risk of a sentence of life without the possibility of parole. By doing so, he waived any right to jury sentencing or to claim that his sentence is 'illegal.'" *Id*. at 513 (¶8).

¶12.    Here, the transcripts from Caston's guilty plea and sentencing hearing show the trial court stated it "accept[ed Caston's] guilty plea and [found] that it [was] voluntarily, knowingly, and willingly made," and the judge then asked the district attorney if there was a sentencing recommendation. The district attorney responded:

> Yes, Your Honor. In exchange for this defendant's testimony against his co-defendants, the State would offer on Cause Number 10-1-276 this defendant be sentenced to 30 years in the custody of the Mississippi Department of Corrections on each count in the ten count indictment, all of those counts to be run concurrent to each other.

The trial court accepted the recommendation of the State and sentenced Caston to serve ten concurrent thirty-year terms for the convictions. The transcripts show the trial judge then stated to Caston that "[i]t was also the Court's understanding that in return for the guilty plea and for this offer you[, Caston,] have agreed to testify and fully cooperate in all other cases

6

against co-defendants; is that correct?" Caston responded affirmatively.

¶13.    As in *Ross*, Caston takes issue with his co-defendants' allegedly lesser sentences and now claims his sentence was disproportionate. But the thirty-year concurrent sentences imposed by the trial court were also specifically identified as being recommendations of the State resulting from a plea agreement negotiated with Caston. Like *Bester*, Caston freely, voluntarily, and intelligently entered his guilty plea and sought to have the trial court honor his plea agreement by following the State's sentencing recommendation in light of his guilty plea. Similarly to *Young*, Caston voluntarily agreed to thirty-year concurrent sentences to avoid the imposition of a harsher sentence. Thus, we conclude that Caston waived his right to challenge his sentences upon entering his guilty plea, and we find his claim is procedurally barred.

## II.    Disproportionate Sentences under the Eighth Amendment

¶14.    Notwithstanding the procedural bar of waiver, Caston's claims lack merit because his sentence is not grossly disproportionate. The crux of Caston's argument is that his sentence violated the Eighth Amendment's protections because he and his four co-defendants had similar roles in the offenses committed and were all indicted on the same charges, but two of his co-defendants received a significantly lesser sentence than Caston. He made the assertion to the trial court that the "government was required to treat similarly situated individuals similarly." But contrary to Caston's adamant belief, that is not the proper standard for comparison when determining the constitutional proportionality of a sentence under the

7

Eighth Amendment.

## A. Proper Standard Comparing the Sentence to the Crime

¶15. Our caselaw holds that "[t]here is a two-step process to determine whether a lengthy sentence is unconstitutional. 'First, the person seeking relief must show that the sentence itself leads to an inference of gross disproportionality.'" *Smith v. State*, 291 So. 3d 1, 6 (¶13) (Miss. Ct. App. 2019) (quoting *Brown v. State*, 130 So. 3d 1074, 1080 (¶18) (Miss. 2013)). The United States Supreme Court has also ruled, in essence, "that the Eighth Amendment contains a narrow proportionality principle that . . . forbids only extreme sentences that are grossly disproportionate to the crime." *Harris v. State*, 311 So. 3d 638, 662 (¶67) (Miss. Ct. App. 2020) (quoting *Nash v. State*, 293 So. 3d 265, 269 (¶13) (Miss. 2020) (referencing *Harmelin v. Michigan*, 501 U.S. 957 (1991))); *accord Graham v. Florida*, 560 U.S. 48, 59-60 (2010). Only "a sentence that leads to an inference of 'gross disproportionality' to the crime committed is subject to an attack on Eighth[]Amendment grounds." *McCoy v. State*, 147 So. 3d 333, 342 (¶18) (Miss. 2014).

¶16. As a general principle, "sentences that do not exceed the maximum punishment allowed by statute will not be considered grossly disproportionate and will not be disturbed on appeal . . . ." *Smith*, 291 So. 3d at 6 (¶13) (quoting *Brown*, 130 So. 3d at 1080 (¶18)). To "determin[e] whether 'a particular sentence is grossly disproportionate, a court must first compare the gravity of the offense to the severity of the sentence.'" *Harris*, 311 So. 3d at 662 (¶67) (quoting *Nash*, 293 So. 3d at 269 (¶13)); *see also Solem v. Helm*, 463 U.S. 277, 290

(1983) (holding "as a matter of principle that a criminal sentence must be proportionate to the crime for which the defendant has been convicted").

¶17.    The second step of the analysis is reached "only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of 'gross disproportionality.'" *Nichols v. State*, 826 So. 2d 1288, 1290 (¶12) (Miss. 2002). If an inference of gross disproportionality exists, the next step is to examine the sentence under a three-prong proportionality test. *Id.* But when a defendant's "sentences [a]re within the statutory limits [and] there is no inference of 'gross disproportionality[,]'" this Court is "not bound to undertake a proportionality analysis . . . ." *Anderson v. State*, 293 So. 3d 279, 297 (¶55) (Miss. Ct. App. 2019). When a proportionality analysis under the Eighth Amendment is required, however, the United States Supreme Court has established the following prongs for consideration: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentence imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Nichols*, 826 So. 2d at 1290 (¶11).

¶18.    In this case, to succeed on his claim, Caston was required to first show that his thirty-year concurrent sentences led to an inference of gross disproportionality. Specifically, he was required to compare the gravity of his offenses to the severity of his sentences. Caston was charged with ten counts of armed robbery for having used a gun to rob at least ten people in three different locations over the course of two consecutive days. He received a thirty-year sentence for each of the ten counts, but the trial court ordered all ten sentences to run

concurrently. This ruling meant that Caston was ordered to serve thirty years total instead of the three hundred years his sentences could have resulted in if he had been ordered to serve them consecutively. His sentence was significantly less severe and shorter than the sentence he could have faced for his admittedly "extraordinarily dangerous crimes."

¶19.    Additionally, for armed robbery, section 97-3-79 requires the trial court to impose a minimum sentence of three years but less than life imprisonment. Caston's thirty-year sentence for each count was well within the statutory limitations for armed robbery. By imposing his sentences concurrently, the time he was ordered to serve for all the convictions collectively was less than the maximum he could have received for just one conviction.

¶20.    Caston's concurrent thirty-year sentences do not exceed the statutory maximum, and the severity of the sentences do not exceed the gravity of the offenses. We find Caston has not shown that his sentence raises an inference of gross disproportionality. Because Caston's concurrent thirty-year sentences were within the statutory guidelines, and there was not an inference of gross disproportionality, our disproportionality analysis ends here; we do not reach the three-part test in the second step.

### B.    Improper Standard Comparing Sentences of Co-Defendants

¶21.    Caston based his disproportionate claim on an incorrect standard when he argued the severity of his sentence in comparison to his co-defendants. "There are no statutes or caselaw stating that a defendant must receive a sentence proportionate to a sentence imposed on an accomplice." *Ratcliff v. State*, 232 So. 3d 819, 822 (¶7) (Miss. Ct. App. 2017) (quoting

*Young v. State*, 919 So. 2d 1047, 1049 (¶7) (Miss. Ct. App. 2005)). The Eighth Amendment protects against lengthy sentences but has "no requirement that co[-]defendants receive identical punishment for an offense." *McCoy*, 147 So. 3d at 342 (¶21); *see also Collins v. State*, 822 So. 2d 364, 366 (¶6) (Miss. Ct. App. 2002). In other words, "a trial court is not required to impose the same sentence on co[-]conspirators." *Carson v. State*, 161 So. 3d 153, 157 (¶8) (Miss. Ct. App. 2014). As this Court explained on a prior occasion,

> [S]entences between co-defendants are, often times, different. Also, the recommendations in regards to sentencing come from the district attorney's office, and each judge makes an independent determination as to what the sentence should be. The duty of this Court is not to determine the working mind of the sentencing judge or to determine the reasons why the judge gave that sentence to [the defendant].

*Young*, 919 So. 2d 1047, 1049-50 (¶7) (Miss. Ct. App. 2005) (quoting *Booker v. State*, 840 So. 2d 801, 805 (¶9) (Miss. Ct. App. 2003)); *see also Ratcliff*, 232 So. 3d at 822 (¶7) ("Rather, the circuit judge is to examine each case independently. . . . Sentences between co[-]defendants are, often times, different.") (quoting *Young*, 919 So. 2d at 1049-50 (¶7)). Therefore, Caston's claim here is without merit.

### C.    Failure to Sufficiently Support Claims

¶22.    Even if this Court were to consider Caston's claim that his sentence was disproportionate to his co-defendants' sentences, we find his claim is insufficiently supported. Caston's request for relief from his sentence relies on his assertion that two of his co-defendants entered guilty pleas after Caston, pled guilty to reduced charges of simple robbery, and were sentenced to two fifteen-year concurrent sentences. His "entire argument

11

on this point is premised upon the alleged" guilty pleas and sentences of his co-defendants, "which are absent from the record." *Beamon v. State*, 9 So. 3d 376, 379 (¶10) (Miss. 2009).

¶23. Caston "possessed the burden of proving by a preponderance of the evidence that he was entitled to postconviction relief." *Kennedy v. State*, 181 So. 3d 299, 303 (¶15) (Miss. Ct. App. 2015). "It is [Caston's] duty, as the appellant, to furnish an adequate record for appellate review." *Bester*, 188 So. 3d at 578 (¶9). As our caselaw recognizes,

> we must decide each case by the facts shown in the record, not assertions in the brief, however sincere counsel may be in those assertions. Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them.

*Beamon*, 9 So. 3d at 379 (¶10) (quoting *Mason v. State*, 440 So. 2d 318, 319 (Miss. 1983)).

¶24. After a thorough review of the record in this case, we find that Caston has not offered evidence proving the facts asserted in his PCR motion. Caston attached his co-defendants' indictments to his motion displaying that his co-defendants were, in fact, indicted on ten counts that were identical to Caston's indictment. But he does not present evidence showing that the co-defendants actually entered a guilty plea or showing the details and circumstances of any plea agreement and the sentences received. Therefore, we find Caston failed to meet his burden of proof, and his claim is without merit.

## CONCLUSION

¶25. Caston waived the right to challenge the proportionality of his sentence when he pled guilty, and the trial court imposed the sentence recommended by the State under the terms of the plea agreement. Notwithstanding his waiver, Caston's claims in his PCR motion failed

12

to show an inference of gross disproportionality between his thirty-year concurrent sentences and his ten convictions of armed robbery. He also did not provide evidence substantiating his assertions that his co-defendants subsequently pled guilty to lesser charges and received lighter sentences than Caston. Therefore, Caston's claims were procedurally barred and without merit. Finding no error in the circuit court's denial of Caston's request for an evidentiary hearing and dismissal of Caston's PCR motion, we affirm the circuit's order.

¶26. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR.**